RECEIVED
IN LAKE CHARLES, LA

JAN 23 2014

TONY R. M_____ CLERK
BY_____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| UNITED STATES OF AMERICA | * | CRIMINAL NO. 13-CR-00297 |
|---|---|---|
| | * | |
| VERSUS | * | JUDGE MINALDI |
| | * | |
| ELLIOTT DUKE | * | MAGISTRATE JUDGE KAY |

### PLEA AGREEMENT

A. **INTRODUCTION**

This document contains the complete plea agreement between the Government and ELLIOTT DUKE, the Defendant. No other agreement, understanding, promise, or condition exists, nor will any such agreement, understanding, promise or condition exist unless it is committed to writing in an amendment attached to this document and signed by the Defendant, an attorney for the Defendant, and an attorney for the Government. The terms of this plea agreement are only binding on the Defendant and the Government if the Court accepts the Defendant's guilty plea.

B. **THE DEFENDANT'S OBLIGATIONS**

1. ELLIOTT DUKE shall appear in open court and plead guilty to Count 9 of the Indictment pending in this case.

2. The defendant agrees to forfeit all interest in any asset related to the charges detailed in the Indictment that the defendant currently owns, has

1

previously owned or over which the defendant currently, or in the past, exercised control, directly or indirectly, and any property the defendant has transferred, as well as any property that is traceable to, derived from, fungible with, or a substitute for property that constitutes the proceeds of his offense, to include:

 a. any visual depiction described in Title 18, United States Code, Sections 2251, 2251A, or 2252, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received in violation of Title 18, United States Code, Chapter 10;

 b. any property, real or persona, constituting or traceable to gross profits of other proceeds obtained from the offense; and

 c. any property, real or personal, used or intended to be used to commit or to promote the commission of the offense.

 d. The property to be forfeited includes, but is not limited to, the following:

 (1) Sony Vaio laptop computer, serial number 275149313000294, containing a 500 gigabyte Toshiba HDD, serial number Y9CMT5MZT.

 4. Defendant warrants that he is the sole owner of all property listed above, and agrees to hold the United States, its agents and employees, harmless from any claims whatsoever in connection with the seizure or forfeiture of property covered by this agreement.

5. If any of the property described above, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty;

Defendant agrees and consents that the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 2253(b) and by Title 28, United States Code, Section 2461(c).

6. Defendant further agrees to waive all interest in any such asset in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. Defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant acknowledges that he understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this, pursuant to Rule 11(b)(1)(J), at the time his guilty plea is accepted.

7.    Defendant further agrees to waive all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. The Defendant agrees to take all steps as requested by the United States to pass clear title to forfeitable assets to the United States, and to testify truthfully in any judicial forfeiture proceeding. Defendant acknowledges that all property covered by this agreement is subject to forfeiture as property facilitating illegal conduct or property involved in illegal conduct giving rise to forfeiture.

8.    <u>Non Abatement of Criminal Forfeiture</u>. Defendant agrees that the forfeiture provisions of this plea agreement are intended to, and will, survive him, notwithstanding the abatement of any underlying criminal conviction after the execution of this agreement. The forfeitability of any particular property pursuant to this agreement shall be determined as if Defendant had survived, and that determination shall be binding upon Defendant's heirs, Defendant's sole criminal exposure based on the investigation which forms the basis of the Indictment.

C.    **THE GOVERNMENT'S OBLIGATIONS**

1.    If the Defendant completely fulfills all of his obligations and agreements under this plea agreement, the Government agrees to dismiss the remaining counts of the Indictment after sentencing, and it will not prosecute the Defendant for any other offense known the United States Attorney's Office, based on the investigation which forms the basis of the Indictment.

4

2. The Government will and hereby moves pursuant to U.S.S.G. § 3E1.1(b) for the Defendant to receive a one point reduction in his offense level should that offense level be 16 or greater, as the Defendant has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the Government to avoid preparing for trial and permitting the Government and the Court to allocate their resources efficiently.

D. **SENTENCING**

ELLIOTT DUKE understands and agrees that:

1. The maximum punishment on Count 9 is a term of imprisonment of not less than five (5) years and not more than twenty (20) years, pursuant to 18 U.S.C. § 2252A(a)(2)(B), a fine of not more than $250,000 pursuant to 18 U.S.C. § 3571, or both;

2. He shall be required to pay a special assessment of $100, **at the time of the guilty plea** by means of a cashier's check, bank official check, or money order payable to "Clerk, U.S. District Court;"

3. He may receive a term of Supervised Release of not more less than five (5) years up to a term of life, pursuant to 18 U.S.C. § 3583(k), in addition to any term of imprisonment imposed by the Court;

4. A violation of any condition of Supervised Release at any time during the period of Supervised Release may result in the Defendant being incarcerated over and above any period of imprisonment initially ordered by the Court;

5

5.  The period of incarceration for a violation of a condition of Supervised Release could be as much as the full term of Supervised Release initially ordered by the Court regardless of the amount of time of the Supervised Release the Defendant had successfully completed;

6.  In addition to the penalties set forth in the preceding paragraphs, the Court must order restitution in this case and the Defendant agrees that restitution in this case is not limited to the amounts or victims referred to in the specific charge to which he has pled guilty and will be determined by the Court after a complete review of the evidence developed in the investigation of this case by the Government and further investigation by the Probation Office as contained in the Presentence Report;

7.  Any fine and/or restitution imposed as part of the Defendant's sentence will be made due and payable immediately, and any federal income tax refund received by the Defendant from the Internal Revenue Service while there is an outstanding fine and/or restitution shall be applied toward the fine and/or restitution award;

8.  As part of the presentence investigation the Government will make available to the Court all evidence developed in the investigation of this case;

9.  This case is governed by the Sentencing Reform Act, as modified by United States v. Booker, 543 U.S. 220 (2005), that he has discussed the Sentencing Guidelines and their applicability with his counsel, and understands and

acknowledges that a final determination of the applicable guidelines range cannot be made until the completion of the presentence investigation;

10. The sentencing judge alone will decide what sentence to impose; and

11. The failure of the Court to adhere to a sentencing recommendation tendered by counsel shall not be a basis for setting aside the guilty plea which is the subject of this agreement.

E. **ADAM WALSH ACT REGISTRATION REQUIREMENTS**

The Defendant has been advised, and understands, that pursuant to 18, United States Code, Sections 2250 and 3583(d), he must register and keep the registration current in each of the following jurisdictions: where he resides, where he is an employee; and where he is a student. The Defendant understands that the requirements for registration include providing his name, his residence address, and the names and addresses of any place where he is or will be an employee or a student, among other information. The Defendant further understands that the requirement to keep the registration current includes informing at least one jurisdiction in which he resides, is an employee, or is a student not later than three business days after any change of his name, residence, employment, or student status. The Defendant has been advised, and understands, that failure to comply with these obligations subjects him to prosecution for failure to register which is punishable by a fine, or imprisonment, or both.

F.  **REINSTATEMENT OF ORIGINAL INDICTMENT**

ELLIOTT DUKE understands and agrees that should this plea be overturned for any reason at a later date, the Indictment, in its entirety, will be automatically reinstated without the need for presentment to a Grand Jury or any motion or other action by the Government.

G.  **SIGNATURE OF ATTORNEY FOR THE DEFENDANT, THE DEFENDANT, AND THE ATTORNEY FOR THE GOVERNMENT**

I have read this plea agreement and have discussed it fully with my client, ELLIOTT DUKE. It accurately and completely sets forth the entire plea agreement. I concur in ELLIOTT DUKE pleading guilty as set forth in this plea agreement.

Dated: 1-16-14

CRISTIE GAUTREAUX GIBBENS, Bar No. 24102
Assistant Federal Public Defender
102 Versailles Boulevard, Suite 816
Lafayette, LA 70501
Telephone: (337) 262-6336

I have read this plea agreement and have discussed it with my attorney. I fully understand the plea agreement and accept and agree to it without reservation. I do this voluntarily and of my own free will. No threats have been made to me, nor am I under the influence of anything that could impede my ability to fully understand this plea agreement.

I affirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this plea agreement.

I am satisfied with the legal services provided by my attorney in connection with this plea agreement and the matters related to this case.

Dated: 16 Jan 2014

ELLIOTT DUKE
Defendant

I accept and agree to this plea agreement on behalf of the United States of America.

STEPHANIE A. FINLEY
United States Attorney

Dated: 1/17/14

DANIEL J. McCOY, La. Bar No. 29334
Assistant United States Attorney
800 Lafayette Street, Suite 2200
Lafayette, LA 70501
Telephone: (337) 262-6618