1

```
              IN THE UNITED STATES DISTRICT COURT
                WESTERN DISTRICT OF LOUISIANA
                     LAKE CHARLES DIVISION


UNITED STATES OF AMERICA        *  Docket No. 2:13-CR-00297-01
                                *
                                *
VERSUS                          *  January 23, 2014
                                *
                                *
ELLIOTT DUKE                    *  Lake Charles, Louisiana

****************************************************************

        REPORTER'S OFFICIAL TRANSCRIPT OF THE PLEA HEARING
              BEFORE THE HONORABLE PATRICIA MINALDI,
                   UNITED STATES DISTRICT JUDGE

****************************************************************

                      A P P E A R A N C E S


For the Government:   DANIEL J. McCOY
                      U.S. Attorney's Office
                      800 Lafayette Street, Suite 2200
                      Lafayette, Louisiana 70501
                      Email:  daniel.j.mccoy@usdoj.gov
                      Phone:  (337) 262-6618
                      Fax:    (337) 262-6682



For the Defendant:    CRISTIE GAUTREAUX GIBBENS
                      Federal Public Defender's Office
                      102 Versailles Boulevard, Suite 816
                      Lafayette, Louisiana  70501
                      Email:  cristie_gibbens@fd.org
                      Phone:  (337) 262-6336
                      Fax:    (337) 262-6605



Reported by:          DEIDRE D. JURANKA, RPR
                      611 Broad Street, Suite 267
                      Lake Charles, Louisiana 70601
                      Email:  deidre_juranka@lawd.uscourts.gov
                      Phone:  (337) 214-6669
                      Fax:    (337) 437-3390
```

**Deidre D. Juranka, RPR**
**United States Court Reporter**
**Western District of Louisiana**

```
1                    P R O C E E D I N G S
2                  (Call to order of the court.)
3           THE COURT:  All right.  This is Mr. Duke?
4           THE DEFENDANT:  Yes, ma'am.
5           THE COURT:  Who's Mr. Duke's attorney?
6           UNIDENTIFIED SPEAKER:  Judge, I'm not sure what
7     this is about.
8           COURTROOM DEPUTY:  Cristie Gibbens.
9           THE COURT:  Oh.  They're running late.  They got
10    into an accident on the highway.  Sherry told me.  So
11    we'll take a little -- have a seat, Mr. Duke, and we'll
12    take about a 15 minute recess, see if they get here.
13               (Whereupon a recess was taken.)
14          THE COURT:  Ms. Gibbens, have you had an
15    opportunity to go over the plea packet with Mr. Duke?
16          MS. GIBBENS:  Yes, Your Honor, I have.
17          THE COURT:  You feel like he understands it?
18          MS. GIBBENS:  Yes.
19          THE COURT:  Have you talked with him about the
20    impact the sentencing guidelines may have on his
21    sentence?
22          MS. GIBBENS:  Yes, I have.
23          THE COURT:  You feel like he understands that?
24          MS. GIBBENS:  Yes.
25          THE COURT:  Mr. McCoy, would you like to speak now
```

1        and call your case?
2            MR. McCOY: Yes, Your Honor. Thank you. United
3        States of America calls the following case. United
4        States versus Elliot Duke, which is Criminal
5        No. 13-CR-00297. This matter is set for a change of
6        plea. I'm representing the United States and
7        Ms. Cristie Gibbens is representing Mr. Duke, and both
8        are present in the courtroom.
9            THE COURT: Thank you. Mr. Duke, have you had an
10       opportunity to go over the plea packet with Ms. Gibbens?
11           THE DEFENDANT: Yes, ma'am.
12           THE COURT: Feel like you understand it?
13           THE DEFENDANT: Yes, ma'am.
14           THE COURT: Okay. Raise your right hand, please.
15                  (Oath is administered.)
16           THE COURT: She's told me that she's gone over the
17       sentencing guidelines with you. Is that correct?
18           THE DEFENDANT: That's correct, ma'am.
19           THE COURT: You feel like you understand that?
20           THE DEFENDANT: Yes, ma'am.
21           THE COURT: You have a copy of the plea packet in
22       front of you?
23           THE DEFENDANT: Yes, ma'am.
24           THE COURT: There are some documents I need to go
25       over with you, first of which is the Elements of the

1  Offense.  Well, let's do this first.  Give me your full
2  name for the record.
3          THE DEFENDANT:  Elliott Richard Duke.
4          THE COURT:  How old are you?
5          THE DEFENDANT:  27.
6          THE COURT:  How far did you go in school?
7          THE DEFENDANT:  I graduated high school in England,
8  ma'am.
9          THE COURT:  I suppose you can read and write the
10 English language, then.
11         THE DEFENDANT:  Yes, ma'am.
12         THE COURT:  Currently under the influence of drugs
13 or alcohol?
14         THE DEFENDANT:  No, ma'am.
15         THE COURT:  All right.  Let's turn to the Elements
16 of the Offense.  You're pleading guilty or attempting to
17 plead guilty today to receiving material that contains
18 child pornography, which I just don't understand.  This
19 document tells you the things that the Government would
20 have to prove beyond a reasonable doubt before you could
21 be convicted of this offense; and those things are,
22 No. 1, that you knowingly received material that
23 contained child pornography, 2, that the material
24 containing child pornography was shipped or transported
25 in or affecting interstate or foreign commerce by any

1  means, and that includes a computer, and 3, that when
2  you received the material you knew it contained child
3  pornography.  Do you understand what the Government
4  would have to prove?
5       THE DEFENDANT:  Yes, ma'am.
6       THE COURT:  Let's turn next to the Affidavit of
7  Understanding of Maximum Penalty and Constitutional
8  Rights.  This document tells you the penalty that you
9  face when convicted of this offense and goes on to
10 describe for you the rights that you give up when you
11 enter a guilty plea.  We'll first discuss the penalty.
12 You're pleading guilty to Count 9, is my understanding.
13 And that count involves a term of imprisonment of not
14 less than five years and not more than 20 years, a fine
15 of not more than $250,000, a term of supervised release
16 of five years up to life, and a $100 special assessment
17 which is mandatory.  Do you understand the penalty that
18 you face?
19      THE DEFENDANT:  Yes, ma'am.
20      THE COURT:  That penalty contains a term of
21 supervised release which means when you are released
22 from confinement your release will be supervised by a
23 probation officer to whom you will have to report on a
24 regular basis.  And there will be conditions placed on
25 that release, things that you cannot do, things that you

must do.  It's important that you abide by the terms of your supervised release because if you don't you can be brought back to court, your release can be revoked, you could be sent back to prison, and if that happens, you could actually end up serving more than the maximum penalty for this offense.  Do you understand that?

THE DEFENDANT:  Yes, ma'am.

THE COURT:  When you are released or, actually, before you are released, before your sentence, the probation officer is going to do an investigation into your background and the specific circumstances of this offense.  When that happens the facts learned in that investigation will be applied to the sentencing guidelines.  And when that happens it will yield a range of sentence that Congress says is appropriate for you under these circumstances.  I must consider that range, but if I think it's inappropriate I can give you something less or something more as long as I remain within the bounds of the law and have a good reason for not adopting the guideline range.  Do you understand that?

THE DEFENDANT:  Yes, ma'am.

THE COURT:  And if you are unhappy with your sentence you would have the right to appeal your sentence but you wouldn't be allowed to withdraw your

1    guilty plea.  Do you understand that?
2         THE DEFENDANT:  Yes, ma'am.
3         THE COURT:  I want to let you know that you have
4    the absolute right to maintain your not guilty plea in
5    this case and go to trial if you want to.  If you
6    decided you wanted to do that, Ms. Gibbens would
7    represent you.  And she's an excellent attorney.  She
8    would represent you.  And we would select a jury of 12
9    people to hear your case, and all 12 of those jurors
10   would have to agree that the Government proved its case
11   beyond a reasonable doubt before you could be convicted
12   of any crime.  But when you plead guilty you give up
13   your right to trial, to that 12 person jury, and to that
14   unanimous verdict.  Do you understand that?
15        THE DEFENDANT:  Yes, ma'am.
16        THE COURT:  If you went to trial you would have the
17   right to see the witnesses called against you and ask
18   questions, but when you plead guilty you give up that
19   right.  Do you understand that?
20        THE DEFENDANT:  Yes, ma'am.
21        THE COURT:  If you went to trial you would have the
22   right to have subpoenas issued so that anyone who you
23   thought might help your case would be forced to come to
24   court so that you could put them on the witness stand to
25   testify, but when you plead guilty you give up that

Case 2:13-cr-00297-PM-KK   Document 36   Filed 07/16/14   Page 8 of 12 PageID #: 167

8

1    right.  Do you understand that?
2         THE DEFENDANT:  Yes, ma'am.
3         THE COURT:  You have a privilege against
4    self-incrimination, which means no one can force you to
5    testify against yourself; but when you plead guilty you
6    are testifying against yourself so you are giving up
7    that right.  Do you understand that?
8         THE DEFENDANT:  Yes, ma'am.
9         THE COURT:  If you went to trial you would have the
10   right to take the witness stand on your own behalf to
11   testify.  No one can make you do that, but you would
12   have that right.  You give up that right as well when
13   you plead guilty.  Do you understand that?
14        THE DEFENDANT:  Yes, ma'am.
15        THE COURT:  If you went to trial and you were
16   convicted you would have the right to appeal the verdict
17   of guilt, but when you plead guilty you're admitting
18   your guilt so you give up the right to appeal the
19   verdict of guilt.  Do you understand that?
20        THE DEFENDANT:  Yes, ma'am.
21        THE COURT:  And you have the right to be
22   represented at all times throughout all of these
23   proceedings that we're talking about by counsel of your
24   choice or court-appointed counsel if you cannot afford
25   your own.  As I said before, Ms. Gibbens would represent

**Deidre D. Juranka, RPR**
**United States Court Reporter**
**Western District of Louisiana**

1  you during trial.  If you were convicted after trial you
2  would have the right to be represented on appeal.  But
3  when you plead guilty you give up your right to trial
4  and to appeal the verdict of guilt so you also give up
5  your right to be represented during those proceedings.
6  Do you understand that?
7       THE DEFENDANT:  Yes, ma'am.
8       THE COURT:  Now I'm going to turn to the Stipulated
9  Factual Basis for the Guilty Plea.  Okay.  This tells me
10 what you and the Government agree happened in this case
11 that would justify me in accepting your guilty plea.
12 I'm not going to read it word for word, but I'm going to
13 go over what I think are the more important points to
14 make sure that this is what you agree happened.  And it
15 tells me that on 5/14 of 2013 the state police and
16 Vernon Parish Sheriff's Office conducted a consent to
17 search at your residence in Leesville.  You signed a
18 consent to search form.  And child pornography was
19 located on your laptop, which was owned by you.  You
20 were Mirandized and they read you your rights.
21      An Agent Link, who is here in the courtroom right
22 now, reviewed e-mails that were sent and received by
23 you.  And there were over 50 of them between you and
24 another account which included images of juvenile
25 females performing oral sex on adult males and images of

Case 2:13-cr-00297-PM-KK   Document 36   Filed 07/16/14   Page 10 of 12 PageID #:  169

10

```
 1        only adult females, and there were two e-mail videos of
 2        child pornography and one video of child erotica.  And
 3        Special Agent Link discovered another e-mail account
 4        discussing or completing the trading of child
 5        pornography, and that was also in 2013, and four videos
 6        of child pornography sent from E. Moore 99, God, at
 7        something mail dot com.  I need new glasses.  And there
 8        was an e-mail titled "young girls" sent from that same
 9        e-mail address and language that you've agreed to in
10        this that I do not like to discuss.
11             Have you gone over this stipulation --
12             THE DEFENDANT:  Yes, ma'am.
13             THE COURT:  -- Mr. Duke?  Do you understand it?
14             THE DEFENDANT:  Yes, ma'am.
15             THE COURT:  You have any questions about it?
16             THE DEFENDANT:  No, ma'am.
17             THE COURT:  Because, frankly, I'm not in the mood
18        to read it.
19             Are you satisfied with the representation that
20        Ms. Gibbens has provided you?
21             THE DEFENDANT:  Yes, ma'am.
22             THE COURT:  To the charge of receipt of child
23        pornography, how do you plead?
24             THE DEFENDANT:  Guilty, ma'am.
25             THE COURT:  I'll accept your guilty plea.  Has
```

**Deidre D. Juranka, RPR**
**United States Court Reporter**
**Western District of Louisiana**

1     anyone forced, threatened or coerced you in any way
2     to --
3         THE DEFENDANT: No, ma'am.
4         THE COURT: Sherry, are you there? There's no
5     sentencing date on this.
6         COURTROOM DEPUTY: April 24th at 10:00.
7         THE COURT: April 24th at 10:00, what JoAnn said.
8     Okay. We'll see you then. Thank you. Everybody have a
9     nice weekend.
10         MR. McCOY: Thank you, Your Honor.
11         (Off the record discussion.)
12         MR. McCOY: Your Honor, at this time we would move
13     to introduce and file into the record which include a
14     copy of the Indictment, the signed Elements of the
15     Offense and Venue, the Affidavit of Understanding of
16     Maximum Penalty and Constitutional Rights, the Plea
17     Agreement executed by all parties, and Stipulated
18     Factual Basis for the Guilty Plea.
19         THE COURT: Accepted.
20         (Proceedings adjourned.)
21
22
23         * * * * * *
24
25

```
 1                        CERTIFICATE
 2
 3        I hereby certify this 16th day of July, 2014, that the
 4    foregoing is, to the best of my ability and understanding, a
 5    true and correct transcript of the proceedings in the
 6    above-entitled matter.
 7
 8                                   S/Deidre D. Juranka, RPR
                                     Official Court Reporter
 9
10
...
25
```

**Deidre D. Juranka, RPR**
**United States Court Reporter**
**Western District of Louisiana**