IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | Docket No. 2:13-CR-00297-01 |
| VERSUS | * | May 22, 2014 |
| ELLIOTT DUKE | * | Lake Charles, Louisiana |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

REPORTER'S OFFICIAL TRANSCRIPT OF THE SENTENCING HEARING
BEFORE THE HONORABLE PATRICIA MINALDI,
UNITED STATES DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**A P P E A R A N C E S**

For the Government:   MYERS NAMIE
            U.S. Attorney's Office
            800 Lafayette Street, Suite 2200
            Lafayette, Louisiana 70501
            Email: myers.namie@usdoj.gov
            Phone: (337) 262-6618
            Fax:   (337) 262-6682

For the Defendant:    CRISTIE GAUTREAUX GIBBENS
            Federal Public Defender's Office
            102 Versailles Boulevard, Suite 816
            Lafayette, Louisiana 70501
            Email: cristie_gibbens@fd.org
            Phone: (337) 262-6336
            Fax:   (337) 262-6605

Reported by:          DEIDRE D. JURANKA, RPR
            611 Broad Street, Suite 267
            Lake Charles, Louisiana 70601
            Email: deidre_juranka@lawd.uscourts.gov
            Phone: (337) 214-6669
            Fax:   (337) 437-3390

P R O C E E D I N G S

1
2  MR. NAMIE: The next matter, Your Honor -- Myers
3  Namie standing in for Daniel McCoy. That is United
4  States versus Elliott Duke. This is Criminal
5  No. 13-CR-297, and this matter is set for sentencing.
6  THE COURT: Thank you. Ms. Gibbens, are you ready
7  to proceed?
8  MS. GIBBENS: Yes, Your Honor, we are.
9  THE COURT: I'll note for the record that no
10 objections were filed to the Presentence Report. And
11 you have submitted a memorandum, a Sentencing
12 Memorandum. And I've also received a letter from
13 Mr. Elliott and a letter that Mr. Elliott received from
14 his mother, apparently. And the Government's also filed
15 a Sentencing Memorandum. I've looked at all of those
16 things and considered them. Anything else you'd like to
17 tell me, Ms. Gibbens?
18 MS. GIBBENS: Your Honor, you really -- after
19 reading everything that's been submitted, particularly
20 Mr. Duke's letter today, I think you really do have
21 everything in front of you. And what it shows is that
22 he is a conflicted and tormented man, and his history
23 shows this. And it seems like every time he starts to
24 make any headway he falls back and he goes further into
25 depression and everything else he's dealing with in his

Case 2:13-cr-00297-PM-KK   Document 37   Filed 07/16/14   Page 3 of 7 PageID #: 174

3

1      life.  But based on everything I submitted to you,
2      including that he has no criminal history, he does have
3      mental health issues.  And this is going to impact him
4      beyond just imprisonment.  Possibly he could lose his
5      United States citizenship.  And incidentally, he did
6      have to renounce his citizenship to the U.K.  So he
7      would be a man with no country.  And he did serve in our
8      armed forces.  Based on these, we're just asking for a
9      reasonable sentence below the guideline range, whatever
10     you would see fit at that point.  And that is it, Your
11     Honor.
12            THE COURT:  All right.  Mr. Duke, do you have
13     anything you want to tell me?
14            THE DEFENDANT:  No, Your Honor.
15            THE COURT:  Mr. Namie, you have anything you want
16     to say?
17            MR. NAMIE:  I would re-urge the arguments that
18     Mr. McCoy made, and I think they're good ones, in his
19     Sentencing Memorandum.  This is a very serious offense,
20     much more than just possession.  This is, as the
21     evidence in the factual stipulation shows, trading -- or
22     receiving, rather, but also exchanging and trading which
23     creates a market for this type of stuff that is just --
24     you know.  We believe a guideline sentence is warranted.
25            THE COURT:  Okay.  Thank you.  Anything else,

**Deidre D. Juranka, RPR**
**United States Court Reporter**
**Western District of Louisiana**

1      Ms. Gibbens?
2              MS. GIBBENS:  No, Your Honor.
3              THE COURT:  In determining the sentence to be
4      imposed in this case, I've considered the factors
5      contained in 18 U.S.C. Section 3553 and the sentencing
6      guidelines.  Mr. Duke pleaded guilty to Count 9 of the
7      Indictment.  Pursuant to the Sentencing Reform Act of
8      1984, it's the judgment of this Court that he be
9      sentenced to be incarcerated for a term of 240 months on
10     Count 9.  Upon release from incarceration he shall be
11     subject to supervised release for the remainder of his
12     life.
13             Mr. Duke, you are to report to the Probation Office
14     in the district to which you are released within 72
15     hours of your release from the custody of the Bureau of
16     Prisons.  While you're on supervised release you are not
17     to commit any federal, state or local crime; you are not
18     to illegally possess controlled substance and refrain
19     from unlawful use of a controlled substance.  Since you
20     have no history of which I am aware of substance abuse,
21     mandatory drug testing is suspended.
22             Pursuant to the DNA Analysis Backlog Elimination
23     Act of 2000, you are to cooperate in the collection of
24     DNA as directed by the Probation Office.
25             You are to abide by the standard conditions adopted

1  by this Court and the following additional conditions:
2  　　1) You are not to possess a firearm, destructive
3  device or illegal substance.
4  　　2) You are to report the address where you reside
5  and any subsequent change of residence to the probation
6  officer responsible for your supervision and you are to
7  register as a sex offender in any state where you
8  reside, you are employed, you carry on a vocation, or
9  you are a student.
10 　　3) You are to undergo mental health treatment as
11 directed by Probation to include psychotherapy and any
12 recommended sex offender specific treatment program.
13 　　4) You are not to have access to any computer that
14 is capable of internet access.
15 　　5) You are to allow Probation access to any
16 computer you do use for monitoring purposes.
17 　　6) You are to have no contact with anyone under the
18 age of 18.
19 　　I find that you don't have the ability to pay a
20 fine and no fine is assessed.
21 　　When you begin your supervised release the
22 Probation Department is going to give you a written
23 statement that sets forth all the conditions of your
24 supervised release and it will be sufficiently clear and
25 specific to serve as a guide for your conduct.

1   I remind you that violation of the terms of your
2   supervised release could result in a term of
3   imprisonment which exceeds the statutory maximum for
4   this offense.
5       You are to pay the standard $100 per count
6   assessment to the Crime Victim Fund immediately.
7       I remind you that you may have the right to appeal.
8   If you believe that you have valid grounds for an
9   appeal, a notice of appeal must be filed within 14 days
10  of the entry of this judgment of conviction.  If you
11  cannot afford an attorney, one will be appointed to
12  represent you.
13      I remand you now to the custody of the marshal to
14  begin service of your sentence with credit for time
15  served.
16      MS. GIBBENS:  Your Honor, the defendant objects to
17  the reasonableness of the sentence as well as to the
18  conditions of supervised release, specifically the no
19  access to computers that have internet access and no
20  contact with anyone under the age of 18.
21      THE COURT:  He should be asking for that.  He
22  should be asking for those conditions.  But your
23  objection is noted for the record.
24      MS. GIBBENS:  Thank you, Your Honor.
25      MR. NAMIE:  The Government moves to dismiss the

1    remaining counts of the Indictment.
2        THE COURT: So ordered.
3           (Proceedings adjourned.)

7           * * * * * *

11           CERTIFICATE

13    I hereby certify this 16th day of July, 2014, that the
14  foregoing is, to the best of my ability and understanding, a
15  true and correct transcript of the proceedings in the
16  above-entitled matter.

18                            S/Deidre D. Juranka, RPR
                              Official Court Reporter

**Deidre D. Juranka, RPR**
**United States Court Reporter**
**Western District of Louisiana**